IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICASH LOANS, LLC,<br>a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>    v.<br><br>AVANT CREDIT CORPORATION, a<br>Delaware corporation D/B/A<br>AVANTCREDIT,<br><br>                    Defendant. | Civil Action No.<br><br><br><br><br><br>**Jury Trial Demanded** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, DILUTION, CONSUMER FRAUD
AND DECEPTIVE TRADE PRACTICES**

1.    Plaintiff AmeriCash Loans, LLC (hereinafter "AmeriCash") brings this complaint against defendant Avant Credit Corporation (hereinafter "Avant") for Avant's infringement and dilution of AmeriCash's Federal Registered Mark, and unfair competition and deceptive trade practices.  As its complaint against AvantCredit, AmeriCash alleges as follows:

**NATURE OF THE ACTION**

2.    This is an action for service mark infringement, unfair competition and dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(a); dilution pursuant to the Illinois Trademark Registration and Protection Act, 765 ILCS § 1036/65 and the common law of the State of Illinois; and consumer fraud pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1, *et seq.*; deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat.§ 510/1, *et seq.*

3.    The action results from, *inter alia*, Avant's infringement of AmeriCash's Federal Registered Mark, AMERICASH LOANS, through Avant's unauthorized use of the term

AMERICASH LOANS, or a confusingly similar mark, in advertising in connection with installment loan services, and their offer to provide such services under the mark in interstate commerce.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) (patent, copyright, trademark and unfair competition).  This Court has jurisdiction over AmeriCash's related common law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).  Venue and personal jurisdiction are proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), since, *inter alia*, a substantial part of the events or omissions giving rise to the claim occurred here, the defendant is doing business in this District, and defendant has advertised and promoted its installment loan services in connection with the AMERICASH LOANS mark in this District.

## THE PARTIES

5.    AmeriCash is a Limited Liability Company organized and existing pursuant to the laws of the State of Delaware.  AmeriCash has a principal place of business located within this district at 880 Lee Street, Des Plaines, Illinois 60016.  AmeriCash is in the business of, *inter alia*, providing installment loan services.  AmeriCash provides a necessary service to those individuals that have a need for a loan for a short time frame.  AmeriCash provides its services under its Federal Registered Mark AMERICASH LOANS.  AmeriCash has continuously used its mark in connection with its installment services since at least as early as 1998.

6.    Upon information and belief, Avant is a Delaware corporation having a principal place of business at 1900 Hoyne Avenue, Chicago, Illinois 60647.  Avant provides the same or

similar services as AmeriCash, and has regularly and systematically engaged in business in this district by offering its services to the citizens of Illinois through its website.

7.     Each of Avant's unlawful acts alleged in this Complaint have occurred in this district and/or are directed to cause, and have caused or will cause, injury to AmeriCash within this district.

## AMERICASH'S VALUABLE AMERICASH MARK

8.     Since at least as early as 1998, AmeriCash has continuously used its Federal Registered Mark AMERICASH LOANS in connection with a wide variety of loan services, including installment loan services.  AmeriCash does not provide mortgage services and its Federal Registration is accordingly restricted from such coverage.

9.     In September of 2005, the United States Trademark Office registered the service mark AMERICASH LOANS in connection with loan services, namely, installment loans, not including mortgage services and mortgage loans.  Plaintiff AmeriCash is the rightful owner of this registration, U.S. Reg. No. 2,990,906.   See Exh. A.

10.    AmeriCash has continuously and prominently displayed and advertised the AMERICASH LOANS mark in its numerous business locations, and in connection with its installment loan services that it offers to customers and potential customers throughout Illinois and in other states.  Since long before the acts of defendant described herein, AmeriCash had invested substantial time, effort and expense extensively promoting and advertising the AMERICASH LOANS mark in connection with its services, including the promotion and advertising of the AMERICASH LOANS mark in this district where the defendant is conducting business.

11.    AmeriCash also owns the rights to the domain name: www.americashloans.net.

12.     As a result of the continuous high-profile advertising and promotion of the AMERICASH LOANS mark by AmeriCash, and the extensive services provided over the years in connection with the mark, the AMERICASH LOANS mark has become, through public acceptance and recognition, a famous mark and an asset of substantial value symbolizing AmeriCash, its quality services, and its goodwill.

## AVANT'S UNAUTHORIZED USE OF THE AMERICASH MARK

13.     AmeriCash has never authorized, licensed or otherwise permitted the defendant Avant to use the AMERICASH LOANS mark, or any confusingly similar variation thereof.

14.     Without authorization, license or authority from AmeriCash, defendant Avant has advertised using the AMERICASH LOANS mark on Google advertisements in connection with installment loan services.

15.     Upon information and belief, at the time that defendant first began engaging in the aforesaid acts, defendant Avant had constructive notice of AmeriCash's trademark rights, and defendant Avant knew or should have known of the valuable reputation and goodwill symbolized by AmeriCash's AMERICASH LOANS mark and its association with AmeriCash.

16.     Upon information and belief, at the time defendants engaged in the acts complained of herein, defendant Avant had actual knowledge of the valuable reputation and goodwill symbolized by AmeriCash's AMERICASH LOANS mark and its association with AmeriCash. Despite AmeriCash's prior rights, defendant used the AMERICASH LOANS mark in advertising for the purpose of, and with the intention of, trading off of AmeriCash's goodwill and reputation.

## AVANT'S USE OF AMERICASH'S SERVICE MARK
## IS LIKELY TO CAUSE CONFUSION

17.    Upon information and belief, Avant's use of the AMERICASH LOANS service mark in connection with its installment loan services has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade.  Consumers have and will continue to conclude that Avant is connected, associated or affiliated with AmeriCash.

18.    Upon information and belief, Avant's activities, as hereinabove pleaded, have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the goods and services offered by AmeriCash and the sponsorship and/or endorsement of those goods by AmeriCash.

19.    Upon information and belief, Avant's activities, as hereinabove pleaded, have and are likely to continue to dilute the value of AmeriCash's AMERICASH LOANS mark by diminishing the public association of the mark with AmeriCash and working an adverse effect upon the distinctiveness of the mark, thus creating a likelihood of injury to AmeriCash's respected reputation.

20.    Upon information and belief, as a result of the aforesaid acts by defendant Avant, AmeriCash has suffered and continues to suffer substantial damages and irreparable injury. AmeriCash has no adequate remedy at law, and unless defendant is restrained and enjoined by the Court, said acts will continue to cause damage and irreparable injury to AmeriCash, and to damage its goodwill and business reputation.  Because of the threatened continuation of loss of customers and sales, AmeriCash cannot ascertain the precise amount of its damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

21.  As its first ground for relief, AmeriCash claims violation of § 43(a) of the Lanham

Act, 15 U.S.C. § 1125(a), based on federal trademark infringement.  AmeriCash repeats and

realleges the allegations of paragraphs 1 through 20 as if set forth fully herein.

22.  Avant's unauthorized use of the infringing service mark AMERICASH LOANS in

interstate commerce is likely to cause confusion, mistake, or deception as to source, association

or sponsorship with AmeriCash's AMERICASH LOANS mark.  The relevant public is likely to

believe Avant's services originate with, are licensed by, sponsored by, connected with, or

associated with AmeriCash.  Avant's unauthorized use of the infringing mark falsely represents

Avant as being legitimately connected with AmeriCash, and places AmeriCash's reputation

beyond AmeriCash's control.

23.  AmeriCash is being damaged by such trademark infringement and has no adequate

remedy at law.  Avant's unlawful conduct will continue to damage AmeriCash unless enjoined

by this Court.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

24.  As its second ground for relief, AmeriCash hereby alleges federal unfair

competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  AmeriCash

repeats and realleges the allegations of paragraphs 1 through 23 above, as though fully set forth

herein.

25.  Avant's adoption and use of the AMERICASH LOANS mark, or approximations or

simulations thereof, as hereinabove pleaded, constitutes use of a false designation of origin or a

false representation, which wrongfully and falsely designates, describes or represents the origins of Avant's services and business as originating from or being in connection with AmeriCash when this is not the case, and thereby constitutes a false description or representation used in interstate commerce.

26.   AmeriCash has been and is being damaged by such violation and has no adequate remedy at law.  Avant's unlawful and willful conduct will continue to damage AmeriCash unless enjoined by this Court.

## COUNT III
## FEDERAL DILUTION
## VIOLATION OF SECTION 43(c) OF THE LANHAM ACT

27.   As its third ground for relief, AmeriCash hereby alleges federal dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  AmeriCash repeats and realleges the allegations of paragraphs 1 through 26 above, as though fully set forth herein.

28.   Avant's adoption and commercial use of the AMERICASH LOANS mark, or approximations or simulations thereof, as hereinabove pleaded, constitutes use in commerce of a mark or trade name after that mark has become famous, and causes dilution of the distinctive quality of the famous AMERICASH LOANS mark, and thereby constitutes dilution of the mark.

29.   AmeriCash has been and is being damaged by such violation and has no adequate remedy at law.  Avant's unlawful and willful conduct will continue to damage AmeriCash unless enjoined by this Court.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

30.   As its fourth ground for relief, AmeriCash hereby alleges deceptive trade practice violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1, *et*

*seq.* AmeriCash repeats and realleges the allegations of paragraphs 1 through 29 above, as though fully set forth herein.

31. The Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat.§ 510/1, *et seq.*, provides that a person engages in deceptive trade practices when, *inter alia,* he "(1) passes off goods or services as those of another; (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services; (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; … [or] (5) represents that goods or services have sponsorship, approval, characteristics, … that they do not have…." regardless of whether or not there is "competition between the parties or actual confusion or misunderstanding." 815 Ill.Comp.Stat. § 510/2.

32. Avant's unauthorized use of the AMERICASH LOANS mark, or approximations or simulations thereof, trades on the business reputation and good will of AmeriCash with the intention of deceiving the public into believing that Avant is affiliated, sponsored, approved or certified by, or connected or associated with AmeriCash in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill.Comp.Stat. § 510/1-7 (1965).

33. AmeriCash has been and is being damaged by such violation and has no adequate remedy at law. Avant's unlawful and willful conduct will continue to damage AmeriCash unless enjoined by this Court.

## COUNT V
## VIOLATION OF ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT

34. As its fifth ground for relief, AmeriCash hereby alleges deceptive trade practice violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815

Ill.Comp.Stat. § 505/1, *et seq*.  AmeriCash repeats and realleges the allegations of paragraphs 1

through 33 above, as though fully set forth herein.

35.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815

Ill.Comp.Stat. § 505/1, *et seq*., makes "the use or employment of any deception[,] fraud, false

pretense, false promise, misrepresentation or the concealment, suppression or omission of any

material fact, … or the use or employment of any practice described in Section 2 of the 'Uniform

Deceptive Trade Practices Act'… in the conduct of any trade or commerce" unlawful, regardless

whether "any person has in fact been misled, deceived or damaged thereby."  815 Ill.Comp.Stat.

§ 505/2.

36.    Avant's continuing unauthorized use of the AMERICASH LOANS mark, or

approximations or simulations thereof, so as to mislead and deceive the public by suggesting an

association, connection or affiliation of Avant with AmeriCash is an unfair method of

competition and a deceptive act or practice in violation of the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 Ill.Comp.Stat. § 505/1-12 (1961).

37.    AmeriCash has been and is being damaged by such violation and has no adequate

remedy at law.  Avant's unlawful conduct will continue to damage AmeriCash unless enjoined

by this Court.


## COUNT VI
## VIOLATION OF ILLINOIS TRADEMARK REGISTRATION AND PROTECTION ACT AND COMMON LAW

38.    As its sixth ground for relief, AmeriCash hereby alleges dilution in violation of the

Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law

of Illinois.  AmeriCash repeats and realleges the allegations of paragraphs 1 through 37 above, as

though fully set forth herein.

39.   Avant's continuing unauthorized use of the AMERICASH LOANS mark, or approximations or simulations thereof, in promoting their operation is a violation of the Illinois Trademark Registration and Protection Act, 765 ILCS 1036 (1998), and the common law of Illinois in that it diminishes the public association of the AMERICASH LOANS mark with AmeriCash and works an inexorably adverse effect upon the distinctiveness of the AMERICASH LOANS mark by diluting the quality of the mark and by creating a likelihood of injury to AmeriCash's respected reputation.

40.   AmeriCash has been and is being damaged by such violation and has no adequate remedy at law.  Avant's unlawful conduct will continue to damage AmeriCash unless enjoined by this Court.

## COUNT VII
## VIOLATION OF COMMON LAW UNFAIR COMPETITION

41.   As its seventh ground for relief, AmeriCash hereby alleges common law unfair competition.  AmeriCash repeats and realleges the allegations of paragraphs 1 through 40 above, as though fully set forth herein.

42.   As a result of its actions, as hereinabove pleaded, Avant has misappropriated valuable property rights of AmeriCash, is trading on the goodwill of AmeriCash as symbolized by AmeriCash's distinctive AMERICASH LOANS mark, and has and is thereby likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

43.   AmeriCash has been and is being damaged by such violation and has no adequate remedy at law.  Avant's unlawful conduct will continue to damage AmeriCash unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff AmeriCash Loans, Inc. demands:

1.     That defendant Avant, its officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies, and assigns, and all those in active concert or participation with them, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

      a.     Using the AMERICASH LOANS mark or any other similar mark, domain name or designation that is confusingly similar to the AMERICASH LOANS mark or gives rise to a likelihood of confusion, mistake or deception with respect to AmeriCash's AMERICASH LOANS mark;

      b.     Doing any other act or thing likely to induce the mistaken belief that defendant Avant or its services or business, is in any way approved by or affiliated, connected or associated with AmeriCash or AmeriCash's services; and

      c.     Unfairly competing with AmeriCash in any manner whatsoever or causing injury to the business reputation of AmeriCash.

2.     That defendant Avant be required to deliver for destruction all advertisements, brochures, current inventory of products, and related materials that utilize the AMERICASH LOANS mark or approximations or simulations thereof, and remove the same from any and all websites in their possession or control that bear the mark;

3.     That an accounting be granted against defendant Avant, and AmeriCash be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

      a.     All profits received by defendant from sales and revenues of any kind made as a result of their actions; and

b.     All damages sustained by AmeriCash as a result of Avant's acts of infringement and unfair competition;

4.     That defendant Avant be directed to file with the Court and serve upon AmeriCash within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which defendant Avant has complied with the injunction.

5.     That because of the exceptional nature of this case, resulting from Avant's deliberate and willful infringement, this Court award AmeriCash reasonable attorneys' fees, costs and disbursements.

6.     That AmeriCash shall have such other and further relief as this Court may deem just.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

AMERICASH LOANS, LLC

Date: September 25, 2014

s/Jeffrey A. Pine_____
Jeffrey A. Pine
Jonathan Giroux
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, Illinois  60606
(312) 627-  Telephone
(312) 627-  Facsimile

Attorneys for AMERICASH LOANS, LLC

CHICAGO\4268267.1
ID\JAP - 065700\0007